Whitaker, Judge,
concurring in the result.
I concur in the result reached by the majority on the second alternative ground upon which the majority bases its decision, to wit, that the annulment of the first marriage contracted in California on the ground that it had been procured by fraud, made it void from the beginning and thus validated Francis Harold Stamer’s marriage to plaintiff in the interim.
Under the California statutes, apparently, a marriage procured by fraud of one of the parties is not void, but voidable. Although procured by fraud, the other contracting party may waive the fraud, in which case the marriage is valid. But, where the other contracting party, upon discovering the fraud, seeks to have the marriage annulled, and it is annulled, the result is the same as if no marriage had ever been entered into. This being true, a subsequent marriage, although invalid when entered into, is validated by the decree of annulment.
As to the other ground upon which the majority bases its decision, I have grave doubt whether or not plaintiff ever acquired a domicile in Massachusetts, and even if he had, I think it is probable that he changed his domicile from Massachusetts to New York when he removed his wife to the home of his parents in New York, where she continued to live after his departure for Korea. After his departure, she removed from the home of his parents and found quarters of her own in New York, and even went back to Massachusetts for the purpose of bringing her child to New York, where she put her in school. My uncertainty about whether or not plaintiff acquired a domicile in Massachusetts, and whether or not he lost it when he moved to New York, makes me prefer to rest the decision on the second alternative ground stated by the majority, to wit, that the annulment of the California marriage made it null and of no effect from the beginning, and thus validated Francis Harold Stamer’s marriage to plaintiff.
Being validly married to plaintiff, as I think he was, she was entitled to collect the money which the defendant erroneously paid to Francis Harold Stamer’s parents.
*499 I agree that the defendant is entitled to judgment over-against George F. Stamer and Mrs. Catherine Stamer, the-, parents of Francis Harold Stamer.